## *Maddox vs. McGinnis.*

Error to the Bourbon Circuit; GEO. SHANNON, Judge.

*Declaration. Malicious prosecution without probable cause. Arrest of judgment.*

Judge MILLS delivered the Opinion of the Court.

THE plaintiff in error brought his action, for malicious prosecution, against the defendant; and on the trial of the general issue, recovered a verdict. The defendant moved to arrest the judgment, relying on the ground, that the declaration did not contain an averment that the prosecution was commenced and carried on without any probable cause. On the other hand it was insisted, that as the declaration alleged the prosecution to be *falsely* and *maliciously* carried on, the want of the averment that it was without probable cause, is cured after verdict, and will be supplied from the "falsely and maliciously." The court arrested the judgment, and the plaintiff declining to amend his declaration, judgment was rendered for the defendant, and to reverse it, this writ of error was prosecuted.

Ancient authorities that the averment in the declaration for malicious prosecution, that there was no probable cause, was not fatal.

In searching the English elementary treatises, no position is more plainly laid down, and insisted upon, than, that a prosecution must be carried on without any probable cause, or an action will not lie. It may be gathered from nearly all these writers, that it is immaterial what aggravating circumstances attend a prosecution, if there be probable cause. In that case no action would lie. So that the want of probable cause, seems, in the opinion of these writers, to form the gist of the action. But, notwithstanding this doctrine so often appears when the adjudged cases are pursued, it will be found, that in nearly all the ancient adjudged cases, even down to the time

of our revolution, it was held again and again, that the insertion of the express averment, that there was no probable cause, was cured after verdict, and even upon demurrer, if there were averment that the prosecution was falsely and maliciously begun and carried on.   Such is the case of Jones vs. Quyn, 10 Mod. 214, which has been cited and relied on in the argument of this case.

But the more modern cases, as well as the American courts, have adopted a different rule, and have as often held that the lack of the averment, "without any probable cause," cannot be supplied by the words falsely and maliciously.   The variation in the English cases is well explored and exhibited, by judge Tucker in the case of Kirtly vs. Dick and others, 2. Mun. 10, in which case the court of appeals of Virginia followed the modern cases, and held that the averment, without any probable cause, was indispensable, and the want of it could not be supplied by the words "falsely" and "maliciously." That same court, in two previous cases, to-wit: Ellis vs. Thilman 3 Call, 3; and Young vs. Gregory, ibid. 446, had come to the same conclusion.   In this court, the question arising between these conflicting authoities has never been settled, as far as we know.   The doctrine, that want of probable cause, is the gist of the action, has incorporated itself with all our decisions; but whether it can be supplied by the words "falsely and maliciously" has never here been expressly decided.

In coming to a conclusion between such conflicting cases, we have no hesitation in following those of modern date, as adopted by the appellate court of Virginia as more agreeable to principle.   We would not be understood as saying, that the identical words, "without any reasonable or probable cause," are indispensable.

We admit, that other expressions may be used, which include the same meaning; and if the averment is included in the sense and meaning of the declaration, it is enough.   But the words "falsely and maliciously" are not enough.   For we hold the law to be that a prosecution may be false, and that

---

**Margin notes:**

MADDOX
vs.
M'GINNIS.

In a declaration for malicious prosecution, the averment that the prosecution was without any probable cause, is indispensable, and the defect not cured by verdict.

Words of the same sense of "without any probable cause," will be sufficient.

MADDOX
vs.
M'GINNIS.

there may not be a word of truth in charging the accused with it; that it may also be begun and carried on in malice on part of the prosecutor, and yet if there is probable cause, no action will lie. The want of truth in the accusation, and *the existence* of full malice in the prosecutor, is not enough. Probable cause must be absent. Indeed this doctrine is necessary for the security of society; and if actions for malicious prosecutions could be sustained because the accusation on all the evidence turned out to be untrue, or because there was malice in the prosecutor, prosecutions would be too few for the crimes of society. It frequently happens, that those who feel some malignity or spleen against the accused, are the only persons who will commence the prosecution; and if none existed, the prosecution would frequently never exist. In this respect even malice becomes one of the safeguards *of society*, and is the occasion of bringing offenders to justice, who otherwise would escape; and we cannot doubt but that malice may exist in the prosecutor, and yet there be probable cause to believe guilt in the accused, and he be innocent. If all those can exist, at the same time, to wit: malice in the accuser, innocence in the accuseed, and probable cause to believe that he is guilty, then it is evident that the averment is indispensable, and is not supplied by any other averment in this declaration.

But, falsely and maliciously, will not supply their place.

Judgment affirmed, with costs.

*T. A. Marshall* for plaintiff; *Depew* for defendant.